UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CONWAY,

                    Petitioner,

                                              CASE NO. 2:07-CV-13027
v.                                            HONORABLE MARIANNE O. BATTANI

JOHN PRELESNIK,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Charles Conway ("Petitioner"), a Michigan prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court criminal convictions. Petitioner was convicted of first-degree premeditated murder, assault with intent to murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court.  He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 20 to 45 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his pleadings, Petitioner raises claims concerning the alleged admission of hearsay evidence, newly-discovered evidence of innocence, the admission of previously undisclosed

1

information, prosecutorial misconduct, and the ineffective assistance of trial and appellate counsel.

Respondent has filed an answer to the petition contending that the claims should be denied for lack

of merit and/or based upon procedural default.  For the reasons stated, the Court denies the petition

for a writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed

in forma pauperis on appeal.

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from a drive-by shooting which occurred on April 11, 2002 in

Detroit, Michigan.  The Michigan Court of Appeals set forth the underlying facts, which are

presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001), *aff'd*. 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> On April 11, 2002, Dayon Garrett and two friends, Bill (last name unknown) and
> Orlando Mollette, went to a gas station in Detroit. While there, Garrett saw
> defendant. Garrett had previously dated defendant's sister. The relationship had not
> ended amicably and tension still existed between Garrett and defendant's family. The
> two had an acrimonious exchange before Garrett drove away with his friends. About
> forty-five minutes later, Garrett, Bill, and Mollette stopped in front of Bill's house.
> Bill exited the vehicle and entered his house. Garrett and Mollette remained in the
> vehicle when a Grand Am pulled up directly next to Garrett's vehicle. Garrett was
> sitting in the driver's seat and noticed defendant's sister, Elena Conway, driving the
> Grand Am. There was another person in the passenger seat. Garrett stated that Elena
> Conway gave him a devilish-looking grin immediately before several shots were
> fired from the back of the Grand Am. Garrett and Mollette both exited the vehicle
> and ran. Mollette stumbled to the ground, and Garrett was shot in the leg as he ran.
> The Grand Am traveled in reverse following Garrett. Garrett noticed the rear window
> of the Grand Am shatter and then saw defendant in the back seat of the car shooting
> an assault-type rifle. The Grand Am then sped off down the street. Garrett saw
> Mollette unconscious on the ground, and called 911. Mollette had been shot in the
> back. Mollette died from a single gunshot wound to the back.

*People v. Conway*, No. 246026, 2004 WL 787179, *1 (Mich. Ct. App. April 13, 2004)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the

Michigan Court of Appeals asserting: (1) he was denied due process and his confrontation rights by the trial court's admission of hearsay, (2) he is entitled to a new trial or a remand based upon newly-discovered evidence – his co-defendant sister's recantation of her trial testimony implicating him in the shooting, and (3) he was denied due process when the prosecutor failed to comply with a discovery order and the trial court allowed previously undisclosed information to be admitted into evidence.[1]  The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Conway*, No. 246026, 2004 WL 787179, *1 (Mich. Ct. App. April 13, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same issues, which was denied,  *People v. Conway*,  471 Mich. 900, 688 N.W.2d 82 (2004), as was his motion for reconsideration.  *People v. Conway*, 472 Mich. 870, 692 N.W.2d 841 (2005).

Petitioner subsequently filed a motion for relief from judgment with the trial court asserting that: (1) he was denied a fair trial when the prosecutor introduced comments and question regarding facts not in evidence, (2) he was denied due process when the prosecutor introduced false testimony, (3) he was denied a fair trial when the prosecutor introduced evidence of pre-arrest silence and failure to come forward to police, (4) he was denied the effective assistance of trial counsel because counsel failed to object to prosecutorial misconduct, (5) he was denied the effective assistance of appellate counsel because counsel failed to raise the prosecutorial misconduct claims on direct appeal, and (6) he was denied the effective assistance of appellate counsel when counsel said that he would assert ineffective assistance of counsel and file a motion to remand on direct appeal but did not do so.  The trial court found that Petitioner failed to establish the requisite cause and

---

[1]The first two claims were presented by appellate counsel and the third was raised by Petitioner in a supplemental brief.

prejudice to be entitled to relief under state law and denied the motion in an order dated April 26, 2006. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Con*way. 270860 (Mich. Ct. App. Dec. 6, 2006) (unpublished). Petitioner filed an application for leave to appeal and a motion for remand with the Michigan Supreme Court raising the same issues, which were denied because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Conway*, 478 Mich. 925, 733 N.W.2d 47 (2007).

Petitioner thereafter filed the present habeas petition asserting the following claims as grounds for relief:

I.      The Michigan Court of Appeals erred by ruling that Petitioner was not denied due process of law by the trial court's erroneous decision to allow inadmissible hearsay testimony which, in part, caused Petitioner's conviction.

II.     The Michigan Court of Appeals erred by not granting Petitioner a new trial or a remand on the basis of newly-discovered evidence of perjury (that supported Petitioner's innocence) and by ruling that the new evidence of perjury was unlikely to cause a different result on retrial.

III.    The Michigan Court of Appeals erred by ruling that Petitioner was not denied his right to a fair trial when the prosecutor, despite a discovery order, failed to disclose a statement and a police report before trial, then surprised trial counsel by using the statement on the last day of trial, and the court relied on an unreasonable determination of the facts by ruling that the undisclosed police report was not used at trial.

IV.     The prosecutor committed misconduct by making false improper comments and questions regarding facts not in evidence during trial and closing arguments.

V.      The prosecutor committed misconduct by coercing and failing to correct or reveal that a prosecution witness's testimony was false.

4

VI.     The prosecutor committed misconduct by continuously inferring guilt from Petitioner's pre-arrest silence and failure to come forward to the police.

VII.    Trial counsel was ineffective for failing to object to numerous instances of prosecutorial misconduct.

VIII.   Appellate counsel was ineffective for failing to raise issues IV through VIII presented in this petition, thereby excusing any procedural default for failing to raise them on direct review.

IX.     Appellate counsel was ineffective for clearly telling Petitioner that ineffective assistance of trial counsel and a motion to remand regarding the same would be asserted on direct review when no such filings were ever made.

Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

## III.  STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp.

354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. ANALYSIS

### A. Hearsay/Confrontation Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred when it admitted Sharita Williams' testimony recounting incriminating statements that Elena Conway made to her while the two women shared a cell in police lockup. Petitioner alleges a violation of state evidentiary rules and his federal confrontation rights. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied Petitioner relief on this claim indicating that any error in admitting the disputed testimony was harmless. *Conway*, 2004 WL 787179 at *1-3. The state court's denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

As an initial matter, the Court notes that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). To the extent that Petitioner asserts that the trial court erred in admitting the statement under the Michigan Rules of Evidence, he merely alleges a violation of

7

state law which does not entitle him to federal habeas relief. *See, e.g., Wheeler v. Jones*, 59 Fed. Appx. 23, 28 (6th Cir. 2003). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Moreover, Petitioner is not entitled to relief on any claim that the admission of the evidence violated his confrontation rights.[2] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him...." U.S. Const. amend. VI. The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him. *Davis v. Alaska*, 415 U.S. 308, 315 (1973). The Confrontation Clause is not violated, however, when a declarant who made challenged hearsay statements testifies at trial and is available for the defendant to confront. *See Nelson v. O'Neil*, 402 U.S. 622, 626-27, 629-30 (1971); *California v. Green*, 399 U.S. 149, 161 (1970) ("none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial"). In this case, Elena Conway testified at trial and Petitioner had the opportunity to cross-examine her about the statements that she made to Sharita Williams concerning the shooting. Thus, the admission of Elena Conway's prior statements did not violate the Confrontation Clause.

Moreover, even if Conway had not testified, the admission of her statements to Sharita

---

[2]Because the Michigan Court of Appeals found that any error (whether evidentiary or constitutional) was harmless and did not specifically address whether the alleged error constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the constitutional issue is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

Williams would not have violated the Confrontation Clause. The Sixth Amendment protections are not so broad as to exclude the admission of certain hearsay statements against a criminal defendant despite his or her inability to confront the declarant at trial. *See Maryland v. Craig*, 497 U.S. 836, 847-48 (1990). In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the *testimonial* statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. Testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Crawford*, 541 U.S. at 54. Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Id*. at 51-52, 56; *United States v. Martinez*, 430 F.3d 317, 328-29 (6th Cir. 2005); *see also United States v. Stover*, 474 F.3d 904, 912-13 (6th Cir. 2007). Elena Conway's statements to Sharita Williams, her cellmate, were non-testimonial in nature. *Crawford* is thus inapplicable.

Furthermore, the Supreme Court has made clear that the Confrontation Clause is not implicated, and need not be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 547 U.S. 813, 823-24 (2006); *see also Whorton v. Bockting*, 549 U.S. 406, 420 (2007) (noting that the Confrontation Clause "has no application to such statements and therefore permits their admission even if they lack indicia of reliability"); *Doan v. Carter*, 548 U.S. 449, 458 (6th Cir. 2008); *United States v. Arnold*, 486 F.3d 177, 192-93 (6th Cir. 2007) (en banc). Petitioner has thus not shown that the admission of the challenged testimony violated his confrontation rights or otherwise rendered his trial fundamentally unfair.

Lastly, even if the admission of Sharita Williams' testimony violated Petitioner's

constitutional rights in some way, he is not entitled to relief from this Court. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict). Given the significant evidence of guilt presented at trial, particularly the testimony of victim Dayon Garrett and co-defendant Elena Conway identifying Petitioner as the shooter and the gunshot residue found on Petitioner, the Court agrees with the Michigan Court of Appeals that any error in admitting Sharita Williams' testimony was harmless beyond a reasonable doubt. Habeas relief is not warranted.

## B. Newly-Discovered Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecution based his conviction on perjured testimony and he has newly-discovered evidence of innocence. In support of this claim, he offers his sister Elena Conway's affidavit recanting her trial testimony that he was involved in the shooting and identifying a man named Kendrelle Giles as the shooter. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim finding that Elena Conway's recantation was "untrustworthy" and would not make a difference in the probable results at retrial, particularly given that Dayon Garrett's testimony and the forensic evidence corroborated her original testimony identifying Petitioner as the shooter. *Conway*, 2004 WL 787170 at *3.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The United States Supreme Court has made clear that the

10

"deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972). It is thus well-settled that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnote omitted); *see also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). A habeas petitioner bears the burden of proving that the disputed testimony constituted perjury. *Napue*, 360 U.S. at 270. Recantation of testimony alone, however, is insufficient to establish a due process violation. To prevail on a claim that a conviction was obtained through the use of perjured testimony, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew (or should have known) that the statements were false. *Coe*, 161 F.3d at 343.

Petitioner has made no such showing. First, he has not demonstrated that Elena Conway's trial testimony was actually false. Elena Conway does not specifically recant her trial testimony. In her affidavit, she claims that she initially told investigators that Kendrelle Giles was the shooter, but they did not believe her. The investigators thought that Petitioner was the shooter and told her that if she did not admit that he was the shooter, she would be charged with first-degree murder rather than second-degree murder. Elena Conway does not affirmatively state that Petitioner was not involved in the shooting or that Kendrelle Giles was the shooter (or the only shooter).

Moreover, to the extent that Elena Conway does recant her trial testimony, her affidavit is unreliable. Affidavits by witnesses recanting their trial testimony are viewed with extreme suspicion. *See McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007); *United States v. Willis*,

257 F.3d 636, 645 (6th Cir. 2001); *see also Allen v. Yukins*, 366 F.3d 396, 405-06 (6th Cir. 2004) (affidavits from co-defendants are inherently suspect with regard to actual innocence claims). Elena Conway's affidavit is particularly suspect given that she is Petitioner's sister and has a personal interest in his case. Additionally, her recantation is suspect given that there is no evidence in the record to corroborate her claim that Petitioner was not involved in the shooting and her trial testimony identifying Petitioner as the shooter was consistent with the other evidence at trial, including Dayon Garrett's testimony and the gunshot residue found on Petitioner. *See, e.g., Teagle v. Diguglielmo*, No. 08-2587, 2009 WL 1941983, *3 (3d Cir. June 11, 2009) (unpublished case stating that witness' recantation of trial testimony was suspicious and untrustworthy and "did not, in the absence of additional corroborating evidence or circumstance, meet the standard of reliability contemplated by *Schlup*"); *Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005) (uncorroborated recantation is "even more unreliable" where trial testimony was consistent with other evidence and recantation was not).

Second, Petitioner has not alleged any facts to establish the prosecution knowingly presented false testimony. The fact that a witness contradicts herself or changes her story does not establish perjury. *See United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998); *United States v. Lebon*, 4 F.3d 1, 2 (1st Cir. 1993). Additionally, the prosecution had reason to believe that Elena Conway testified truthfully since her testimony was consistent with the other evidence at trial. Petitioner has that failed to establish that the prosecution relied upon perjured testimony or knowingly presented false testimony. He is therefore not entitled to habeas relief on this claim.

Petitioner also seems to assert that he is entitled to relief because he is actually innocent. To the extent that he does so, he fails to state a claim upon which habeas relief may be granted.

12

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id*. In *House v. Bell*, the Supreme Court declined to answer the question left open in *Herrera* – whether a habeas petitioner may bring a freestanding claim of actual innocence. *See House*, 547 U.S. 518, 555 (2006) (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional and warrant federal habeas relief if there were no state avenue open to process such a claim").

Citing *Herrera* and *House*, the Sixth Circuit has ruled that a free-standing claim of actual innocence based upon newly-discovered evidence does not warrant federal habeas relief. *See Wright v. Stegall*, 247 Fed. Appx. 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that [petitioner] is not entitled to relief under available Supreme Court precedent"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007); *see also Sitto v. Lafler*, No. 06-2203, 2008 WL 2224862, *1 (6th Cir. May 28, 2008); *Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005). Thus, Petitioner's claim that he is actually innocent and has newly-discovered evidence to prove it does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 606 (E.D. Mich. 2001). He is thus not entitled to relief on such a basis.

### C. Discovery/Undisclosed Information Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecutor violated the

13

trial court's discovery order and the trial court erred in admitting a statement and a police report which had not been previously disclosed to the defense. Respondent contends that this claim lacks merit and does not warrant habeas relief.

The Michigan Court of Appeals denied relief on these claims finding that no due process violation occurred because the disputed statements/reports were not admitted into evidence at trial. *See Conway*, 2004 WL 787179 at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

First, to the extent that Petitioner alleges a violation of the state trial court's discovery order, he is not entitled to federal habeas relief. A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state procedure or evidentiary law are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Thus, any claim by Petitioner that the prosecution violated the trial court's discovery order does not provide a basis for habeas relief and must be denied. *See Lorraine v. Coyle*, 291 F.3d 416, 441 (6th Cir. 2002).

Moreover, Petitioner has failed to establish a violation of his federal constitutional rights. It is well-settled that there is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). The Supreme Court has held that the prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In other words, to find a *Brady* violation, not only must the

14

evidence be suppressed, but the suppressed evidence must be material and favorable to the accused. *Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432-36 (1995). Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce." *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993). The duty to disclose favorable evidence includes the duty to disclose impeachment evidence. *Bagley, supra*; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also Mullins v. United States*, 22 F.3d 1365, 1370-71 (6th Cir. 1994). Moreover, a *Brady* violation does not occur if previously undisclosed evidence is disclosed during trial unless the defendant is prejudiced by its prior non-disclosure. *See United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986). Thus, in order to establish a *Brady* violation, a petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to the petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

Petitioner has not met his burden of establishing a *Brady* violation. First, the statements were not suppressed given that they were disclosed to the defense during trial. Second, Petitioner

15

was aware of his own statements to police and has not shown that such information was in the sole possession of the prosecution. Third, Petitioner has not shown that there is a reasonable probability that, had the evidence been previously disclosed to the defense, the result of the proceeding would have been different. The statements at issue were Petitioner's own statements to police and a related police report. While Petitioner's statements were consistent with his trial testimony, they did not have further exculpatory value. Fourth, the materials were disclosed during trial and Petitioner has not shown that the delay in disclosure prejudiced his defense. Fifth, there is no indication in the record that the prosecution intentionally withheld the documents. Lastly, the trial court took appropriate corrective measures at trial by granting the defense request to preclude questioning Petitioner about the April 11, 2002 statement. The record also indicates that the prosecution did not call the police officer nor introduce his report relative to the May 20, 2002 statement. Given such circumstances, the Court cannot conclude that the prosecution's conduct violated Petitioner's constitutional rights or deprived him of a fundamentally fair trial. Habeas relief is not warranted on this claim.

## D.  Remaining Claims

Petitioner also asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by making improper comments regarding facts not in evidence, by presenting false testimony, and by inferring guilt from Petitioner's pre-arrest silence and failure to come forward to police. Petitioner relatedly asserts that trial counsel was ineffective for failing to object to such errors at trial. Petitioner also asserts that appellate counsel was ineffective for failing to raise these issues on direct appeal and for telling Petitioner that he would raise such issues and seek a remand on direct appeal, but failing to do so. Respondent contends that the prosecutorial misconduct and

16

ineffective assistance of trial counsel claims are barred by procedural default because Petitioner first raised them in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).  Respondent contends that the appellate counsel claims lack merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).  "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989).  The last *explained* state court judgment should be used to make this determination.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion.  *Id*.

Petitioner first presented his prosecutorial misconduct and ineffective assistance of counsel claims to the state courts in his motion for relief from judgment.  The state trial court, the Michigan Court of Appeals, and the Michigan Supreme Court each denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice

17

resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The Michigan Supreme Court's decision, while brief, was based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (Michigan Supreme Court's citation to MCR 6.508(D) to deny relief constitutes a reasoned decision invoking a procedural bar); *see also Alexander v. Smith*, 311 F.3d 875, 883-84 (6th Cir. 2009) (confirming that *Simpson* is binding precedent); *cf. Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007), *cert. den.* 128 S. Ct. 1897 (2008) (ruling that it may be appropriate to look to the state trial court's decision denying a motion for relief from judgment to determine whether the appellate courts relied upon a procedural default in denying relief pursuant to MCR 6.508(D)); *Abela v. Martin*, 380 F.3d 915, 921-23 (6th Cir. 2004) (distinguishing case where Michigan Court of Appeals denied relief for lack of merit in the grounds presented). In this case, the state trial court and appellate courts relied upon a clear state procedural default in denying Petitioner relief on his prosecutorial misconduct and ineffective assistance of counsel claims.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner asserts that appellate counsel was ineffective as cause to excuse his failure to raise his prosecutorial misconduct and ineffective assistance of trial counsel claims on direct appeal. Petitioner has not shown that appellate counsel was ineffective. In order to establish ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient ... [and] that

18

the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687

(1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's

performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the
> identified acts or omissions were outside the wide range of professionally competent
> assistance .... At the same time, the court should recognize that counsel is strongly
> presumed to have rendered adequate assistance and made all significant decisions
> in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690. Therefore, judicial scrutiny of counsel's performance must be "highly

deferential." *Id*. at 689. The defense is prejudiced only if "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id*. at 694.

It is well-established that a criminal defendant does not have a constitutional right to have

appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751

(1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on
> appointed counsel a duty to raise every "colorable" claim suggested by a client
> would disserve the ... goal of vigorous and effective advocacy .... Nothing in the
> Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left

to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.

1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out

weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*,

477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored

issues are clearly stronger than those presented will the presumption of effective assistance of

19

appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the prosecutorial misconduct and ineffective assistance of counsel claims presented in his motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented viable issues, including claims alleging the improper admission of hearsay and newly-discovered evidence, on direct appeal. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising the claims contained in the motion for relief from judgment was deficient or unreasonable. Petitioner has thus failed to demonstrate that appellate counsel was ineffective so as to establish cause to excuse his procedural default. He has likewise failed to show that he is entitled to habeas relief based upon his independent claim that appellate counsel was ineffective.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court briefly notes that Petitioner's prosecutorial misconduct and ineffective assistance of trial counsel claims lack merit. Petitioner has not shown that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (ruling that a habeas petitioner must show that the challenged statements were improper and flagrant); *see also Broom v. Mitchell*, 441 F.3d

20

392, 412-13 (6th Cir. 2006) (citing cases).  Petitioner has not shown that the prosecution's
comments and questions were improper or so flagrant as to render his trial fundamentally unfair.
Further, even assuming that the prosecution engaged in misconduct of constitutional proportion,
such error was harmless beyond a reasonable doubt.  For purposes of federal habeas review, a
constitutional error that implicates trial procedures is considered harmless if it did not have a
"substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v.
Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007)
(confirming that *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*,
580 F.3d 403 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in this circuit).  The
prosecution presented overwhelming evidence of Petitioner's guilt at trial.  For the same reasons,
Petitioner cannot establish that defense counsel erred and/or that he was prejudiced by counsel's
conduct as required under *Strickland, supra*.  Petitioner simply cannot establish that he was
prejudiced by the prosecutor's or defense counsel's conduct given the significant evidence of guilt
presented at trial.

Moreover, Petitioner has not demonstrated that a fundamental miscarriage of justice has
occurred.  The miscarriage of justice exception requires a showing that a constitutional violation
probably resulted in the conviction of one who is actually innocent.  *See Murray v. Carrier*, 477
U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to
support the allegations of constitutional error with new reliable evidence that was not presented at
trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence means factual innocence, not
mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner has made
no such showing.  *See* discussion *supra*.  His prosecutorial misconduct and ineffective assistance

21

of trial counsel claims are thus barred by procedural default, his ineffective assistance of appellate counsel claims lack merit, and none of those claims warrant habeas relief from this Court.

## V.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.   Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id*. at 336-37.

When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural default ruling debatable.  The Court therefore **DENIES** a certificate of appealability.  The Court also concludes that any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  The Court therefore **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

 **IT IS SO ORDERED**.


       s/Marianne O. Battani   
       MARIANNE O. BATTANI
       UNITED STATES DISTRICT JUDGE

Dated: December 9, 2009

CERTIFICATE OF SERVICE

 I hereby certify that on the above date a copy of this Opinion and Order was served upon Charles Conway, and counsel for the respondent.


       s/Bernadette M. Thebolt
       Case Manager